**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>and<br><br>U.S. FOOD AND DRUG ADMINISTRATION<br>10903 New Hampshire Ave<br>White Oak, MD 20903<br><br>*Defendants*. | Case No. 20-947 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of Health and Human Services and the U.S. Food and Drug Administration under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

1

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Health and Human Services (HHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records that American Oversight seeks.

7. Defendant the U.S. Food and Drug Administration (FDA) is a component of HHS—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in White Oak, Maryland. FDA has possession, custody, and control of records that American Oversight seeks.

## **STATEMENT OF FACTS**

*Testing Directives Request*

8. On March 5, 2020, American Oversight submitted a FOIA request to HHS, via email, and FDA, via facsimile, seeking "[a]ll final directives, orders, decision memoranda, or guidance regarding testing for severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), the virus that causes COVID-19." This request further specified that it:

> encompasses any directives, orders, memoranda, or guidance regarding:
> - decisions regarding whether to use the World Health Organization's test;
> - decisions regarding whether to share data on the status and use of test kits nationwide;
> - decisions regarding the criteria for who qualifies for testing; and
> - decisions regarding where and when to send testing kits to healthcare providers.

9. The Testing Directives Request further stated that American Oversight believes each recipient "agency is best positioned to determine where responsive records reside," but specified agency custodians whom, at a minimum, should be included in a search. In relevant part, these custodians included the following:

> Department of Health and Human Services (HHS)
> i. Alex Azar, Secretary
> ii. Robert Kadlec, Assistant Secretary for Preparedness and Response
> iii. Brett Giroir, Assistant Secretary for Health
> iv. Rich Bright, Director of the Biomedical Advanced Research and Development Authority
>
> Food and Drug Administration (FDA)
> i. Stephen Hahn, Commissioner
> ii. Amy Abernethy, Principal Deputy Commissioner
> iii. Janet Woodcock, Director of the Center for Drug Evaluation and Research
> iv. Jeff Shuren, Director of the Center for Devices and Radiological Health

10. The Testing Directives Request seeks all responsive records from January 20, 2020, through the date of the search.

11. American Oversight sought expedited processing of the Testing Directives Request, citing, among other things, the urgent need to inform the public about federal decision-making regarding the rollout of testing for the coronavirus.

12. In a letter dated March 6, 2020, HHS acknowledged receipt of the Testing Directives Request and assigned it tracking number 2020-00635-FOIA-OS.

13. Upon request by FDA, to accommodate teleworking employees, American Oversight resubmitted its request to FDA on March 12, 2020, via the agency's online portal.

14. In an email sent March 25, 2020, FDA acknowledged receipt of the Testing Directives Request and assigned it tracking number 2020-2521.

15. In a letter dated March 27, 2020, FDA granted American Oversight's request for expedited processing.

16. In a letter dated March 31, 2020, HHS granted American Oversight's request for expedited processing.

17. As of the date of this Complaint, American Oversight has not received any further communication from HHS or FDA regarding its Testing Directives Request.

*Exhaustion of Administrative Remedies*

18. As of the date of this Complaint, Defendants HHS and FDA have failed to (a) notify American Oversight of any determination regarding American Oversight's FOIA request, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

19. Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendants.

22. Defendants are agencies subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

23. Defendants have failed to promptly and adequately review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA request.

24. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

25. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of Defendants.

28. Defendants are agencies subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

29. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA request.

30. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

31. Defendants' failures to provide all non-exempt responsive records violate FOIA.

32. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive

to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants HHS and FDA from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 10, 2020                                  Respectfully submitted,

/s/ Christine H. Monahan
Christine H. Monahan
D.C. Bar No. 1035590

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
christine.monahan@americanoversight.org
*Counsel for Plaintiff*