UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AMERICAN OVERSIGHT**,<br><br>                    Plaintiff,<br><br>          v.<br><br>**U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**, *et al.*,<br><br>                    Defendants. | Case No. 1:20-cv-00947 (TNM) |

## MEMORANDUM ORDER

Seeking records about the federal government's response to the COVID-19 pandemic, American Oversight sued the Department of Health and Human Services and the Food and Drug Administration under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. Shortly after filing this lawsuit, American Oversight filed four other FOIA cases seeking COVID-19-related records from several federal agencies. *See Am. Oversight v. U.S. Dep't of Health and Human Services*, 20-cv-1063 (APM); *Am. Oversight v. U.S. Dep't of Health and Human Services*, 20-cv-1064 (JEB); *Am. Oversight v. U.S. Dep't of the Treasury*, 20-cv-1169 (EGS); *Am. Oversight v. Centers for Disease Control and Prevention*, 20-cv-1296 (APM).

Pending here is the Defendants' motion to consolidate all five cases into one. Defs.' Mot. to Consolidate Cases ("Defs.' Mot."), ECF No. 8. American Oversight mostly opposes consolidation. Pl.'s Opp'n, ECF No. 10. It agrees that consolidating this case with one other is appropriate, but not with the remaining three. The Court agrees with American Oversight's conclusion, if not its rationale. For the following reasons, the Court grants the Defendants' motion in part and denies it in part.

## I.

The Court may consolidate cases involving "common questions of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate rests in the "broad discretion" of the Court. *Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001). In exercising that discretion, "district courts weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016).

FOIA-related consolidation cases are not common. Still, certain factors emerge from those cases. They include a comparison of the document-producing government agencies, *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 207 F.R.D. 8 (D.D.C. 2002), whether the requests involve common affiants or documents, *Nat'l Sec'y Counselors v. Cent. Intel. Agency*, 322 F.R.D. 41 (D.D.C. 2017), the risk of conflicting rulings on disputed questions, *id*., the scope of the FOIA requests, *Media Research Ctr. v. U.S. Dep't of Justice*, 818 F. Supp. 2d 131 (D.D.C. 2011), and whether the cases have a common procedural posture, *Nat'l Sec'y Counselors*, 322 F.R.D. 41.

## II.

This is a close question, especially since all five cases involve the same plaintiff, at least one common agency defendant, the same general topic (COVID-19), and the same law. But ultimately, consolidation is not appropriate for most of these cases.

Consider first the outlier of the five, *American Oversight v. Centers for Disease Control and Prevention*, 20-cv-1296 (APM). There, besides its search for records, American Oversight

alleges that the Centers for Disease Control and Prevention ("CDC") has violated FOIA through "a policy, pattern, or practice of declining to process reasonably described FOIA requests." Compl. ¶ 184, *Am. Oversight v. Centers for Disease Control and Prevention*, 20-cv-1296 (APM), ECF No. 1.  None of the other four cases involves a similar claim, so that is not a common factual or legal question.  Fed. R. Civ. P. 42(a).  And since the scope of that case differs from the others, there is little risk that Judge Mehta's ruling there will conflict with rulings in the other cases.  *See Nat'l Sec'y Counselors*, 322 F.R.D. at 43.  The Court will not consolidate Case No. 20-cv-1296 (APM) with this one.

And since that case is not a candidate for consolidation, there is little reason to consolidate the other case with Judge Mehta, *American Oversight v. Department of Health and Human Services*, 20-cv-1063 (APM).  The lead defendant in this case, the Department of Health and Human Services ("HHS"), is also a defendant in the other case assigned to him, and of course both cases generally relate to the Government's COVID-19 response.  If both this Court and Judge Mehta will be each handling at least one COVID-19-related FOIA case brought by American Oversight, there do not appear to be significant judicial efficiencies to be gained in transferring 20-cv-1063 from him here.  Indeed, on his order, the parties have already conferred in that case and filed their first status report.  *See* Joint Status Report, *Am. Oversight v. Dep't of Health and Human Services*, 20-cv-1063 (APM), ECF No. 9.  The Court will not consolidate Case No. 20-cv-1063 (APM) with this one either.

Nor does the Court find that consolidation is appropriate with *American Oversight v. U.S. Department of the Treasury*, 20-cv-1169 (EGS).  First, the only common agency between this case and that one is HHS.  There, American Oversight has also sued the Treasury, State Department, and the Centers for Medicare and Medicaid Services.  *Id*.  To be sure, "[i]dentity of

3

the parties is not a prerequisite" to consolidation. *Nat'l Ass'n of Mortg. Brokers v. Bd. of Govs. of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011); *see Judicial Watch, Inc. v. U.S. Dep't. of Energy*, 207 F.R.D. 8 (D.D.C. 2002) (granting motion to consolidate despite unique FOIA defendants). But here, no countervailing factors strongly support consolidation. The scope of the requests is different. *Compare* Compl. ¶ 8, ECF No. 1 (seeking "[a]ll final directives, orders, decision memoranda, or guidance regarding testing for severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), the virus that causes COVID-19.") *with* Compl., *Am. Oversight v. U.S. Dep't of the Treasury*, 20-cv-1169 (EGS), ECF No. 1 (seeking emails from specified officials that contain a discrete list of search terms). And these two cases are unlikely to present many overlapping documents or legal issues. *See Nat'l Sec'y Counselors*, 322 F.R.D. at 43. The Court will not consolidate this case with Case No. 20-cv-1169 (EGS).

So the Court will not order these cases consolidated, with one exception. The parties agree that this case should be consolidated with *American Oversight v. U.S. Department of Health and Human Services*, 20-cv-1064 (JEB). The Court will grant the Defendants' unopposed motion for that case.

The Court notes that a case with this posture could well present grounds for consolidation on slightly different facts. Indeed, the common plaintiff in each of these cases and the government agencies' preference for consolidation presents an attractive argument for consolidation. More, concerns about judicial economy could justify consolidation in serial FOIA cases. But two concerns that may otherwise compel consolidation—an appearance of forum-shopping or a strong potential of inconsistent rulings on the same documents—do not seem to be present here. In the end, the differences between these cases counsel against consolidation.

### III.

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion is GRANTED in part and DENIED in part as follows:

(1)  *American Oversight v. U.S. Department of Health and Human Services*, 20-cv-947 (TNM) and *American Oversight v. U.S. Department of Health and Human Services*, 20-cv-1064 (JEB), are CONSOLIDATED before this Court;

(2)  The Defendants' Motion is DENIED as to all other cases;

(3)  All pleadings, motions, or other papers relating to the consolidated cases shall be filed only on the docket for case number 20-cv-947 (TNM);

(4)  The Clerk of the Court is directed to close case number 20-cv-1064 (JEB); and

(5)  The parties in the consolidated cases shall meet and confer and file a Joint Status Report proposing a schedule for proceeding in this matter.  The schedule should address, among other things, the status of Plaintiff's FOIA request, the anticipated number of documents responsive to Plaintiff's FOIA request, the anticipated date(s) for release of the documents requested by Plaintiff, whether a motion for an *Open America* stay is likely in this case, whether a *Vaughn* index will be required in this case, and a briefing schedule for dispositive motions, if required.  The parties shall file the schedule on or before July 23, 2020.

**SO ORDERED**.

Dated:  June 25, 2020                                                         TREVOR N. McFADDEN, U.S.D.J.